IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ELIZABETH WOOLEYHAN<br>25605 Rogers Rd.<br>Millsboro, DE 19966 | * | |
| | * | |
| Plaintiff | | |
| | * | |
| Vs. | | CIVIL ACTION NO. _____ |
| | * | |
| JOSEPH CRISANTI, M.D.<br>12547 Ocean Gateway<br>Ocean City, MD 21842 | * | |
| | * | |
| And | * | |
| | | |
| WEST OCEAN CITY INJURY AND<br>ILLNESS CENTER<br>Aka ACUTE INJURY AND ILLNESS<br>CENTERS LLC.<br>12547 Ocean Gateway<br>Ocean City, MD 21842 | *<br><br>*<br><br>* | |
| | | |
| Serve: Joseph Crisanti, M.D.<br>Medical Director<br>12547 Ocean Gateway<br>Ocean City, MD 21824 | *<br><br>*<br><br>* | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Elizbeth Wooleyhan, Plaintiff, by and through her attorney, Kenneth P. Niman, files this Complaint against Joseph Crisanti, M.D. and West Ocean City Injury and Illness Center (aka Acute Injury and Illness Centers LLC), Defendants, and states as follows:

## JURISDICTIONAL STATEMENT

This Complaint is filed pursuant to the provisions of 28 U. S. Code, section 1332 (diversity of citizenship). Plaintiff is a citizen and resident of Milford, Delaware. Defendants are citizens and residents of Ocean City, Maryland. The amount in controversy in this matter exceeds $75,000.

This matter is filed as a transfer from the Health Care Alternative Dispute Resolution Office of Maryland. The following exhibits are attached to the Complaint:

Exhibit A: Order of Transfer

Exhibit B: Certificate of Merit and Report

## FACTS COMMON TO ALL COUNTS

1. Elizabeth Wooleyhan (hereinafter referred to as Plaintiff) is a citizen and resident of Millsboro, DE.

2. Joseph Crisanti, M.D. (hereinafter referred to as Crisanti or Defendant) is and at all relevant times has been a licensed healthcare provider, practicing the specialty of emergency medicine, holding himself out to the public in general and to the Plaintiff in particular as a qualified practitioner of emergency medicine and providing medical care to patients and residents of Worcester County, Maryland. Crisanti is a healthcare provider within the meaning of Courts and Judicial Proceedings Article Section 3-2a-01 of the Annotated Code of Maryland.

3. West Ocean City Injury and Illness Center (aka Acute Injury and Illness Centers LLC) (hereinafter referred to as West Ocean City) is, and at all relevant times, has been a licensed healthcare provider, practicing the specialty of emergency medicine, holding itself out to the public in general and to the Plaintiff in particular as a qualified

practitioner of emergency medicine and providing medical care to patients and residents of Worcester County, Maryland. On information and belief, West Ocean City, at all relevant times hereto, was the employer of Crisanti, who was acting as its agent, servant and employee, within the scope of his employment. West Ocean City is a healthcare provider within the meaning of Courts and Judicial Proceedings Article, Section 3-2a-01 of the Annotated Code of Maryland.

4. The amount in controversy in this matter exceeds the required jurisdictional amount.

5. Venue in this matter is proper in the United States District Court for the District of Maryland (Northern Division).

6. On or about January 11, 2014, Plaintiff suffered a fall, injuring her left hand and wrist, while snowboarding in Stowe, VT. Plaintiff received first-aid and was advised to follow up with a medical doctor for further medical care.

7. On January 13, 2014, Plaintiff presented to West Ocean City, where she was seen by Crisanti. She arrived at West Ocean City wearing a temporary splint, borrowed from her husband. She provided a history of her injury and submitted to a medical examination of her left wrist. Dr. Crisanti performed a physical examination and ordered x-rays of Plaintiff's wrist, which were taken on the premises of West Ocean City and read and interpreted by Crisanti.

8. After reviewing Plaintiff's x-rays, Crisanti advised Plaintiff that she had suffered a forearm sprain, that the x-rays of her wrist were negative for fracture, that they showed normal alignment, no evidence of dislocation and no evidence of degenerative joint disease. Crisanti advised Plaintiff to continue wearing her husband's splint and to

seek additional medical treatment if her condition did not improve. Crisanti did not render any additional treatment at the time of Plaintiff's visit. Specifically, he made no attempt to manipulate the wrist or change its position in any way and did not apply a new splint. He advised Plaintiff to keep wearing the splint (her husband's) that she brought with her to the examination.

9. Subsequent review of Plaintiff's x-rays taken and read by Crisanti demonstrated that they were not properly read by Crisanti and they did, in fact, show non-displaced fractures of the left wrist, requiring immediate immobilization and follow-up orthopedic care for appropriate closed reduction.

10. Plaintiff followed Crisanti's instructions, but her condition did not improve. As a result, she sought follow-up care from her family physician, who ordered new x-rays and advised her to consult an orthopedic surgeon. The new x-rays, taken on February 10, 2014, demonstrated a left wrist fracture extending transversely across the distal radial metaphysis, displacement of that fracture and a fracture across the ulnar styloid process. These x-rays showed that Plaintiff's condition had significantly deteriorated since seeing Crisanti and that the fracture had begun to heal, in a misaligned position. Plaintiff saw an orthopedic surgeon, Dr. Thomas Otter, who read the new x-rays as showing a fracture of the distal radius with a distal segment mildly comminuted and with at least one interarticular fracture with significant shortening and prominence of the distal ulna. Dr. Otter felt that, because of the changes in Plaintiff's condition since the time of her visit to Crisanti, surgical correction of her injury would now be required. He recommended future surgical repair.

11. Plaintiff sought a second orthopedic opinion from Dr. Richard DuShuttle, whom she saw on February 13, 2014. Dr. DuShuttle examined Plaintiff, reviewed her x-rays and recommended immediate surgical repair. On February 17, 2014, Dr. DuShuttle performed extensive surgery on Plaintiff, including left carpal tunnel release, open reduction and application of an external fixator to the left distal radius, including bone graft, using k-wire and c-arm.

12. Plaintiff remained under the care of Dr. DuShuttle, who performed follow-up x-rays, monitored her progress and performed a second surgical procedure, on April 16, 2014, for removal of the external fixator.

13. Plaintiff continued under the care of Dr. DuShuttle, but the condition of her wrist did not improve and the fractures did not heal. Repeat x-rays, taken in July of 2014, indicated an absence of callus formation and a non-union of Plaintiff's distal radial fracture. Plaintiff was advised that additional surgery would be required to repair her fractured wrist.

14. Plaintiff sought another opinion, and on October 29, 2014, saw Dr. Randeep Kahlon, an orthopedic surgeon who specialized in treatment of injuries to the hand and wrist. Dr. Kahlon examined Plaintiff and reviewed medical records and current x-rays. He diagnosed a displaced non-union of the fractured wrist, requiring extensive surgical reconstruction, utilizing an iliac crest bone graft and volar plating. Dr. Kahlon performed this surgical procedure on November 3, 2014.

15. Thereafter, Plaintiff remained under the care of Dr. Kahlon.

## COUNT I – (NEGLIGENCE - CRISANTI)

Plaintiff repeats and re-alleges all the factual allegations contained in paragraphs 1 through 15 as if fully restated herein.

16.  At all times relevant hereto, Crisanti held himself out to the public in general, and to Plaintiff in particular, as a healthcare provider possessing that degree of skill and knowledge which is ordinarily possessed by those professionals who provide emergency care, including examination, radiographic study and diagnosis of injuries to the hand and wrist.

17.  Crisanti breached the standard of care in his treatment of Plaintiff as follows: (a) failing to perform a thorough, adequate and professional examination of Plaintiff's injury to her left hand and wrist; (b) failing to properly review and interpret x-rays of Plaintiff's injury; (c) failing to appreciate and diagnose multiple fractures to Plaintiff's wrist; (d) failing to properly treat Plaintiff's condition; (f) failing to make efforts to reduce Plaintiff's fracture; (g) failing to properly and adequately immobilize Plaintiff's injured wrist; (h) failing to advise Plaintiff to seek immediate follow-up care with an appropriate specialist; (i) failing to supply Plaintiff with a medical device (splint) appropriate for treatment of her injury; (j) failing to recognize, by examination, history, evaluation and observation, that Plaintiff had suffered a fractured wrist and required additional treatment and immediate follow-up care; and (k) was otherwise careless and negligent and deviated from the applicable standard of medical care.

18.  As a direct and proximate result of Crisanti's breaches of the standard of care, as aforesaid, Plaintiff suffered severe pain and agony, has required extensive additional medical treatment, including multiple corrective surgeries, and will require

further medical treatment in the future, has suffered a loss of wages and income and will suffer further losses of wages and income in the future.

19. All of Plaintiff's damages and losses are a direct and proximate result of Crisanti's deviation from the standard of care in his medical treatment of her, with no negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Elizabeth Wooleyhan, Plaintiff, demands an award against Crisanti for all injuries and damages suffered by her, including but not limited to emotional damages, pain and suffering, medical expenses, loss of wages and income, permanent injury and other damages as a consequence of the negligence of the healthcare providers herein.

## COUNT 2 – NEGLIGENCE (WEST OCEAN CITY)

Plaintiff repeats and re-alleges all the factual allegations contained in paragraphs 1 through 19 as if fully restated herein.

20. At all times relevant hereto, West Ocean City held itself out to the public in general, and to Plaintiff in particular, as an urgent care center, specializing in treatment of sports injuries, broken bones and simple fractures and offering in-house x-ray services and interpretation and as a healthcare provider possessing that degree of skill and knowledge which is ordinarily possessed by those facilities that provide emergency care, including examination, radiographic study and diagnosis of injuries to the hand and wrist.

21. West Ocean City breached the standard of care in its treatment of Plaintiff as follows: (a) failing to perform a thorough, adequate and professional examination of Plaintiff's injury t her left hand and wrist; (b) failing to properly review and interpret x-rays of Plaintiff's injury; (c) failing to appreciate and diagnose multiple fractures to

Plaintiff's wrist; (d) failing to properly treat Plaintiff's condition; (f) failing to make efforts to reduce Plaintiff's fracture; (g) failing to properly and adequately immobilize Plaintiff's injured wrist; (h) failing to advise Plaintiff to seek immediate follow-up care with an appropriate specialist; (i) failing to supply Plaintiff with a medical device (splint) appropriate for treatment of her injury; (j) failing to recognize, by examination, history, evaluation and observation, that Plaintiff had suffered a fractured wrist and required additional treatment and immediate follow-up care; and (k) was otherwise careless and negligent and deviated from the applicable standard of medical care.

22. As a direct and proximate result of West Ocean City's breaches of the standard of care, as aforesaid, Plaintiff suffered severe pain and agony, has required extensive additional medical treatment, including multiple corrective surgeries, and will require further medical treatment in the future, has suffered a loss of wages and income and will suffer further losses of wages and income in the future.

23. All of Plaintiff's damages and losses are a direct and proximate result of West Ocean City's deviation from the standard of care in his medical treatment of her, with no negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Elizabeth Wooleyhan, Plaintiff, demands an award against West Ocean City for all injuries and damages suffered by her, including but not limited to emotional damages, pain and suffering, medical expenses, loss of wages and income, permanent injury and other damages as a consequence of the negligence of healthcare providers herein.

## COUNT 3 – (RESPONDEAT SUPERIOR)

Plaintiff repeats and re-alleges all the factual allegations contained in paragraphs 1 through 23 as if fully restated herein.

24. At all times relevant hereto, Defendant Crisanti was the employee of and acting as the agent, servant and representative of Defendant West Ocean City Injury and Illness Center (aka Acute Injury and Illness Centers LLC) and was acting in furtherance of the employer's business and within the scope of his employment.

25. Defendant West Ocean City Injury and Illness Center (aka Acute Injury and Illness Centers LLC) is responsible for and liable for the injuries and damages caused to Plaintiff herein by its employee, Crisanti.

WHEREFORE, Elizabeth Wooleyhan, Plaintiff, demands an award against West Ocean City Injury and Illness Center (aka Acute Injury and Illness Centers LLC) for all injuries and damages suffered by her, including but not limited to emotional damages, pain and suffering, medical expenses, loss of wages and income, permanent injury and other damages as a consequence of the negligence of healthcare providers herein.

Respectfully submitted,

\_\_\_\_/s/_____
Kenneth P. Niman, Esq. – Bar No. 01547
Attorney for Plaintiff
409 Washington Ave., Ste. 200
Towson, MD 21204
410-842-1665
kpn@freemanrauch.com